WM. SHARPLEY, and JANE, his wife *vs.* CHARLES TOWNSEND, Executor of ROBERT FORWOOD, deceased.

A devise of land to executors to sell for payment of debts, is a conversion of it " out and out;" and the proceeds are applicable to pecuniary legacies.

CASE stated. The case agreed set out, that Robert Forwood, being seized in fee of certain real estate, duly made and published his last will and testament, by which he devised as follows:

"Imprimis, it is my mind and will that all my just debts and funeral expenses be paid in a reasonable time after my decease, out of my personal property and sales of lands hereinafter mentioned by my executors hereinafter named." The testator then devised different portions of his real estate to different persons, and bequeathed several specific and pecuniary legacies; and, among others, a legacy of fifteen hundred dollars to Jane Sharpley, wife of plaintiff; and concluded the disposition of his property with the following: " It is · my mind and will that my executors shall sell my marsh in Cherry Island, together with my Marshal lot of land, and the farm which I lately bought at public sale, for the best price they can get, and make and execute a good and sufficient title for the same as I could were I personally present, within one year after my decease."

The question proposed for the consideration of the court was

whether the proceeds of sale of the land thus directed to be sold, become part of the personal estate of the testator, and as such subject to the payment of pecuniary legacies; or whether there was a resulting trust of the balance, after the payment of debts and funeral expenses, in favor of the heirs at law of the testator?

*By the Court.*—The general principle is, that money directed to be laid out in land, is treated as land; and land directed to be sold, is money or personalty.   (5 *Law Lib.* 4; *Leigh & Dalzell* 4; 1 *Bro. Ch. C.* 497; *Fletcher* vs. *Ashburner; Amb.* 581, *Wainwright* vs. *Benlows.*)

If there be a general conversion, the kind of property is entirely changed; but if only for certain purposes, there is a resulting interest for the heir at law. (5 *Law Lib.*; *Leigh & Dal.* 119; 3 *P. Wms.* 21, *n.*; *Mallabar* vs. *Mallabar.*)

If there be no direction as to the object of the conversion, and the land is directed to be sold, it is a change out and out of the realty into personalty. (*Ambler* 583; 5 *Law Lib.* 130; *Cook* vs. *Duckenfield*, 2 *Atk.* 562.)

The direction in this will is general, to the executors to sell the land without special object, unless as connected with the previous clause, which directs the payment of debts out of the personal property, and sale of the land.   The land is not directed to be sold for that purpose, but only that the debts shall be paid out of the personalty as enlarged by the sale of the land.   The first clause blends the personal property and proceeds of sale of land together; and directs payment of debts and funeral expenses out of the fund.   It is not the principal provision; but is ancillary.   The last clause is the principal and independent clause, the purpose of which was to augment the personalty.

JUDGMENT.—And now to wit, this first day of December, A. D., 1845, the *Court* being of opinion that it was the intention of the testator to convert the real estate ordered to be sold by his executor, absolutely into personal property, and as such, subject it to the payment of pecuniary legacies.   It is ordered that judgment be entered in favor of the plaintiffs; the amount to be ascertained by the register of wills, upon a settlement of the account of the defendant's executor.

*R. H. Bayard*, for plaintiff.

*Gilpin*, for the executor.